# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | Case No. 12-00649-TLM |
| JAY P. CLARK, ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| _____ ) | |
| ) | |
| TOM DeVRIES, and THE ) | |
| DeVRIES FAMILY FARM, LLC, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Adv. No. 13-06034-TLM |
| ) | |
| JAY P. CLARK, dba CRYSTAL ) | |
| SPRINGS RANCH, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## MEMORANDUM OF DECISION

**I.      PROCEDURAL BACKGROUND**

This matter comes before the Court on the summary judgment motion of Tom DeVries and The DeVries Family Farm, LLC ("Plaintiffs"). Adv. Doc. No. 14 ("Motion"). In this adversary proceeding, Plaintiffs seek a judgment under

MEMORANDUM OF DECISION - 1

§ 523(a)(2)(A)[1] excepting the debts owed to Plaintiffs from any discharge the chapter 7 debtor, Jay P. Clark ("Defendant"), may receive.[2] Plaintiffs are represented by counsel. Defendant represents himself *pro se*.[3]

Plaintiffs' Motion was filed on November 13, 2013, along with supporting affidavits and exhibits, the required statement of undisputed facts, and a brief. Adv. Doc. No. 14. Plaintiffs also noticed the Motion for hearing on December 23, 2013. Adv. Doc. No. 15. Plaintiffs' Motion, submissions, and hearing notice complied with the requirements of Fed. R. Civ. P. 56 (incorporated by Fed. R. Bank. P. 7056), and with LBR 7056.1.

On December 11, 2013, Defendant filed a response to the Motion. Adv. Doc. No. 22 ("Response"). Defendant's Response states, *inter alia*, "Debtor hereby waives his right of discharge to the debt owed to DeVries."[4]

Plaintiffs filed a reply to Defendant's submissions, Adv. Doc. No. 25. A

---

[1] Unless otherwise indicated, statutory citations are to the Bankruptcy Code, Title 11 U.S. Code §§ 101–1532.

[2] The Trustee has commenced an adversary proceeding under § 727(a) to deny Defendant a discharge. *See Gugino v. Clark*, Adv. No. 13-06042-TLM. That action is still pending.

[3] Defendant does not benefit from precedent requiring liberal construction of his papers and submissions. *See* Adv. Doc. No. 26 at 2 (Dec. 17, 2013 Memorandum of Decision).

[4] Defendant attempted to make certain qualifications and/or reservations of asserted rights. Adv. Doc. No. 22 at 2-3. The Court concludes Defendant's other assertions or arguments need not be addressed at this time. At bottom, Defendant not only expressly "waived discharge" as to the debt owed Plaintiffs, he failed to provide any response to the motion consistent with the requirements of the Rules, leaving the Court to determine if summary judgment under § 523(a)(2)(A) is proper.

MEMORANDUM OF DECISION - 2

hearing was held as scheduled on December 23. Plaintiffs appeared through counsel, but Defendant failed to appear.[5] The Court took the Motion under advisement.

## II. FACTUAL BACKGROUND AND RECORD

This Court recently summarized the salient facts in its decision dismissing Defendant's "counterclaims" in this adversary proceeding.

> Prior to 2010, Debtor had been a crop share tenant on farm ground owned by the Hilliards. The arrangement between the Hilliards and Debtor was oral until Debtor presented, and the Hilliards executed, a lease agreement in early 2010. In December 2010, MLC [Murphy Land Company] acquired this farm land from the Hilliards. After acquiring the property, MLC demanded Debtor vacate it, but Debtor refused. MLC commenced a lawsuit in the Idaho State District Court for the Third Judicial District, Owyhee County. The Hilliards also sued Debtor.
>
> On March 20, 2012, the state court orally ruled that, given the nature of Debtor's conduct in regard to the Hilliards, the written lease was "null and void, and [of] no legal force or effect" and, among other things, held MLC was entitled to immediate possession of the farm ground. On March 26, it entered an order voiding the lease *ab initio* and awarding immediate possession to MLC. On March 27, 2012, it entered an order declaring the lease a nullity and of no force or effect, and requiring that it be expunged from the real property records. The clerk of the state court issued a writ of possession to MLC per the state court's order. The Court later held the order in abeyance pending a March 30 hearing scheduled in part to consider certification of the

---

[5] In his "affidavit" filed in response to the Motion, Adv. Doc. No. 23 ("Affidavit"), Defendant stated, among other things, that he would be transporting children out of state at the time of the scheduled December 23 hearing and, therefore, would not appear. At a hearing held in this matter on November 18, Defendant also alluded to this scheduling conflict. The Court on November 18 noted that a local rule governs continuances or the vacation of scheduled hearings. *See* LBR 2002.2(f). Defendant sought no such relief.

MEMORANDUM OF DECISION - 3

summary judgment as a final judgment under Idaho rules.

On March 27, 2012, Debtor filed a motion to reconsider. That evening, he filed his chapter 12 bankruptcy petition. Schedules and statements were not filed with the petition. They in fact were not filed until May 3, 2012.

Between the date of the petition and the filing of the schedules, Debtor contracted with Plaintiffs for the sale of 1,500 tons of hay at a price of $180/ton (*i.e.*, $270,000) for which Plaintiffs made a downpayment of $135,000. Debtor did not disclose to Plaintiffs that he had filed bankruptcy, *or* that he was in litigation with MLC over the extent of his rights in the farm ground where the hay to be harvested to satisfy Plaintiffs' contract was located, *or* that his purported lease on such property was voided and declared a nullity by the state court the last week of March, 2012, *or* that he was dispossessed of and facing eviction from the farm ground. All this information was disclosed to Plaintiffs starting April 20, 2012 – *after* the contract had been entered into and the downpayment made to Debtor.

On May 3, 2012, Debtor filed his schedules and statements, Doc. No. 42, acknowledging the debt to Plaintiffs. He therein disclosed, among other things, that Plaintiffs were creditors with a liquidated, noncontingent and undisputed claim for $135,000 based on the amounts paid on a 2012 contract for 1,500 tons of hay. *Id.* at 24 (sch. F), 28 (sch. G).

Ultimately, Plaintiffs filed a motion to convert the chapter 12 case to a chapter 7 case under § 1208(d) on the basis of Debtor's fraud. Doc. Nos. 189, 190. Debtor filed a competing motion seeking to dismiss his case. Doc. No. 193. Both came on for hearing over several days.

Hearing was commenced on March 19, 2013, and continued for further hearing on May 1. *See* Doc. No. 194 (minute entry). On April 30, Debtor requested a continuance of the May 1 hearing due to illness, and his counsel submitted a doctor's "disability certificate" asserting Debtor was incapacitated by the flu from April 30 to May 3. Doc. Nos. 234, 234-1. That motion to continue was granted over Plaintiffs' and MLC's objections. *See* Doc. Nos. 241 (May 1 minute entry); 348

MEMORANDUM OF DECISION - 4

> (transcript). Hearing then occurred on May 24 and on May 31. Doc. Nos. 257, 260 (minute entries); 328 and 329 (transcripts).
>
> . . . .
>
> On May 31, 2013, after all evidence was in and arguments made, the Court entered orally its findings of fact and conclusions of law. In this ruling, the Court found that Debtor (particularly as a lawyer and notwithstanding his Idaho State Bar suspension) understood the nature and the consequences of the rulings of the state district court in March, 2012. Consequently, and even though Debtor felt there was error in that state court's ruling, he knew and understood what the effect of that ruling was, and – importantly – the materiality of that ruling to parties in Plaintiffs' position who contracted with him. Doc. No. 329 at 176-188.
>
> The Court granted the motion to convert the case, and denied Debtor's requested dismissal. Orders on those findings and conclusions were entered later that day. Doc. Nos. 261, 262.

Adv. Doc. No. 26 at 5-8, 9-10 (footnotes omitted).

Plaintiffs' statement of undisputed facts, Adv. Doc. No. 14-9, relies on this summary as establishing facts. *Id.* at 2-3 (referring to "Myers Findings"). This characterization is inaccurate. This Court did not hear evidence and make findings on such evidence in Adv. Doc. No. 26; rather it recognized that factual findings were made orally on May 31, 2013, by the Hon. Jim D. Pappas, the Bankruptcy Judge then assigned to and hearing Defendant's case. *See* Doc. No. 329 at 176-189 (transcript); *see also* Adv. Doc. No. 14-3 (transcript as Ex. B to affidavit).[6] They establish the law of the case.

---

[6] For simplicity, the Court will hereafter cite solely to Doc. No. 329.

MEMORANDUM OF DECISION - 5

### III. DISCUSSION AND DISPOSITION

#### A. Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure, made applicable in bankruptcy adversary proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure, governs summary judgment motions. That rule provides: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once the moving party meets its initial burden, then the opponent must provide evidence establishing a genuine issue of material fact for trial. Fed. R. Civ. P. 56(c); *see also Poole v. Davis* (*In re Davis*), 2012 WL 4831494, *2 (Bankr. D. Idaho Oct. 10, 2012) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). Under Fed. R. Civ. P. 56(e), if a party fails to properly address another party's assertion of fact as required by Rule 56(c), the court may (among other options) consider the fact as undisputed for the purposes of the motion, and grant summary judgment if the motion and the supporting materials, including the facts considered undisputed, show the movant is entitled to such judgment. Fed. R. Civ. P. 56(e)(2), (3).

#### B. Section 523(a)(2)(A)

Section 523(a)(2)(A) excepts from discharge any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent

MEMORANDUM OF DECISION - 6

obtained, by . . . false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." In order to establish a debt is non-dischargeable under that section, a creditor must establish five elements by a preponderance of the evidence:

> (1) misrepresentation, fraudulent omission or deceptive conduct by the debtor; (2) knowledge of the falsity or deceptiveness of his statement or conduct; (3) an intent to deceive; (4) justifiable reliance by the creditor on the debtor's statement or conduct; and (5) damage to the creditor proximately caused by its reliance on the debtor's statement or conduct.

*See Davis*, 2012 WL 4831494 at *3 (citing *Turtle Rock Meadows Homeowners Ass'n v. Slyman* (*In re Slyman*), 234 F.3d 1081,1085 (9th Cir.2000)); *see also Burks v. Bailey (In re Bailey)*, 499 B.R. 873, 888 (Bankr. D. Idaho 2013).

### C.  Law of the case

This Court is bound by the "law of the case" doctrine, which precludes a court "from reconsidering an issue that has already been decided in the same court . . . in the same case." *FDIC v. Kipperman (In re Commercial Money Ctr., Inc.)*, 392 B.R. 814, 832 (9th Cir. BAP 2008) (citing *Milgard Tempering, Inc. v. Selas Corp. of Am.*, 902 F.2d 703, 715 (9th Cir. 1990)); *see also Bourdeau Bros. v. Montagne (In re Montagne)*, 2010 WL 396252 (Bankr. D. Vt. Jan. 25, 2010) (determining that since adversary proceedings are components of a single bankruptcy case and not distinct pieces of litigation, facts decided in the main case

MEMORANDUM OF DECISION - 7

or even another adversary proceeding may constitute law of the case). For law of the case to apply, "the issue must have been decided, either expressly or by necessary implication." *Commercial Money Ctr.*, 392 B.R. at 832.

### D. Application of authorities to the record

#### 1. Elements under § 523(a)(2)(A)

The prior ruling of the Court on conversion establishes the law of the case. And that ruling establishes the elements required to grant the Motion. The Court previously found Defendant engaged in fraud by silence or omission[7] and deceptive conduct when he failed to disclose the true and material facts surrounding his lease with the Hilliards and the status and results of state court litigation, specifically including that court's rulings and orders that he had no lease and was dispossessed from the property on which the hay contract was to be performed. The Court also found Defendant was aware of the importance and significance of these facts, and aware his conduct was deceptive when he failed to disclose the facts to Plaintiffs. This satisfies the first two elements of § 523(a)(2)(A).

---

[7] The Court specifically noted the decision of *James v. Mercea*, 277 P.3d 361 (Idaho 2012), addressing fraud by omission/failure to disclose. That case holds that fraud may be established when the defendant had a duty to speak "in order to prevent a partial statement of the facts from being misleading" or "if a fact known by [the defendant] and not the other [party] is so vital that if the mistake were mutual the contract would be voidable, and the party knowing the fact also knows that the other does not know it." *See id.* at 365-67; *see also Watts v. Krebs*, 962 P.2d 387, 390-91 (Idaho 1998) (addressing fraud by nondisclosure).

MEMORANDUM OF DECISION - 8

As to the third element, an "intent to deceive" may be inferred from the totality of the circumstances. *Bailey*, 499 B.R. at 888 (citing *Sharma v. Salcido (In re Sharma)*, 2013 WL 1987351, *10 (9th Cir. BAP May 14, 2013)). "[A]ssertions of an honest intent must be weighed against natural inferences from admitted facts." *Id.* (citing *Sharma*). As a whole, this Court's findings on the conversion motion for fraud under § 1208(d) adequately establish the existence of intent. Moreover, when Plaintiffs presented their Motion in this adversary proceeding, the burden was on Defendant to establish, pursuant to the requirements of Fed. R. Civ. P. 56(c), a genuine issue of material fact, or to show why entry of a judgment would not be proper. Defendant made no showing.[8] The Court concludes the record, specifically the Court's prior findings and conclusions, supports the element of intent to deceive.

The fourth element is that Plaintiffs justifiably relied on Defendant's conduct. Where Defendant concealed material, adverse facts that, if known, would have made a difference in whether Plaintiffs would have contracted with Defendant, the reliance is patent. Judge Pappas expressly so found. In addition, Plaintiffs' submissions in support of the Motion assert such reliance.[9] As noted,

---

[8] On these and other elements of the § 523 cause, Defendant simply asserts the decision granting conversion has been appealed, and he contests the Court's findings of fact and conclusions of law on the issues presented under § 1208(d).

[9] *See*, *e.g.*, Adv. Doc. No. 14-2 (deposition of Tom DeVries).

MEMORANDUM OF DECISION - 9

Defendant has not contested such assertions as required under Fed. R. Civ. P. 56(c). They are, therefore, undisputed facts. Fed. R. Civ. P. 56(e)(2). This element is satisfied.

The fifth and final element is proximately caused damages. The $135,000 Plaintiffs paid Defendant is a direct consequence of the fraudulent conduct and constitutes proximately caused damage.[10] Judge Pappas expressly so found. *See* Doc. No. 329 at 187.[11]

Plaintiffs have therefore established the elements required for exception of their $135,000.00 debt under § 523(a)(2)(A) from any discharge Defendant may ultimately receive.

## 2. Prejudgment interest

Plaintiffs also request their judgment include prejudgment interest. This was raised for the first time in Plaintiffs' reply memorandum. *See* Adv. Doc. No. 25 at 2 (asserting a prejudgment interest amount, apparently through December 16, 2013, of $27,559.98 and providing a calculation of such amount in a

---

[10] "Causation requires both (1) causation in fact, which means the misrepresentations were 'a substantial factor in determining the course of conduct' that resulted in damages, and (2) legal causation, which requires a creditor's loss to 'reasonably be expected to result.'" *Bailey*, 499 B.R. at 891 (citing *Spigot Res., Inc. v. Radow (In re Radow)*, 2013 WL 1397342, *6 (9th Cir. BAP Apr. 2, 2013)).

[11] The Court noted that "DeVries . . . lost [his] deposit[]." It also observed that were the matter before a state court on fraud, "there would be other damages available to [DeVries and another hay purchaser]. They've not been asserted here." *Id.*

MEMORANDUM OF DECISION - 10

footnote).[12] Plaintiffs initially requested in their memorandum, Adv. Doc. No. 14-10, a "money judgment against Debtor for the full amount of his damages: $135,000.00," but they did not request prejudgment interest. *Id.* at 11. When questioned by the Court at hearing regarding these assertions in their briefing, Plaintiffs explained that by seeking "such further relief as this Court deems just and equitable," *see id.* at 12, they effectively asserted and/or preserved the ability to assert a claim for prejudgment interest. While the better course certainly would have been to clearly and expressly plead for recovery of prejudgment interest, the Court for the following reasons finds Plaintiffs' request well taken under case law.

Federal Rule of Civil Procedure 54(c), incorporated by Federal Rule of Bankruptcy Procedure 7054, provides "every [nondefault] final judgment should grant the relief to which each party is entitled even if the party has not demanded that relief in its pleadings." *Murrietta v. Fehrs (In re Fehrs)*, 391 B.R. 53, 76 n.48 (Bankr. D. Idaho 2008). In *Fehrs*, the Court found that absent interest from the date of the fraudulent transfer to the date of judgment, the plaintiff (the bankruptcy estate through its trustee) would not be made whole. *Id.* at 76-77 (citing *Acequia, Inc. v. Clinton (In re Acequia, Inc.)*, 34 F.3d 800, 818 (9th Cir. 1994) (determining that an award of prejudgment interest in a § 548(a) case is left to the sound

---

[12] The interest calculations appear only in the brief, are not supported by affidavit or declaration, and were not part of the initial submissions on the Motion.

discretion of the trial court and is awarded when necessary to make the wronged party whole)).

Subsequent to *Fehrs*, the Bankruptcy Appellate Panel in *Saccheri v. St. Lawrence Valley Dairy (In re Saccheri)*, 2012 WL 5359512, *12 (9th Cir. BAP Nov. 1, 2012), reached the same conclusion in a § 523(a)(2)(A) case, and affirmed the bankruptcy court's award of prejudgment interest, stating that "[t]he award of prejudgment interest in nondischargeability proceedings is authorized under *Cohen v. de la Cruz*, 523 U.S. 213, 223 (1998)[.]"[13]  The Panel further held:

> In awarding prejudgment interest, the bankruptcy court did not specifically state what law it was applying when it awarded the prejudgment interest.  Under federal law, courts may allow prejudgment interest even though a governing statute is silent regarding such interest. *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 886 F.2d 1545, 1550 (9th Cir. 1989), *cert. denied*, 494 U.S. 1017 (1990). "[T]he award of prejudgment interest in a case under federal law is a matter left to the sound discretion of the trial court. Awards of prejudgment interest are governed by considerations of fairness and are awarded when it is necessary to make the wronged party whole." *Acequia Inc. v. Clinton (In re Acequia, Inc.)*, 34 F.3d 800 (9th Cir. 1994) . . . .
>
> Where a debt that is found to be nondischargeable arose under state law, "the award of prejudgment interest on that debt is also governed by state law." *Otto v. Niles (In re Niles)*, 106 F.3d 1456, 1463 (9th Cir. 1997).

*Id. See also Huggins v. Skinner (In re Skinner)*, 2012 WL 6545276, *3 (Bankr. D.

---

[13]  This Court has also recognized that a plaintiff's § 523(a)(2)(A) damages encompass "any liability arising from money, property, etc. that is fraudulently obtained[.]" *Bailey*, 499 B.R. at 891 (quoting *Cohen*, 523 U.S. at 223).

MEMORANDUM OF DECISION - 12

Ariz. Dec. 14, 2012).

The Court, in its discretion, determines that an award of prejudgment interest is required. Defendant fraudulently obtained $135,000.00 from Plaintiffs on April 4, 2012.[14] Without interest, Plaintiffs would not be made whole. As this obligation arose under state law, the Court applies Idaho Code § 28-22-104(1), which provides for a 12% per annum rate of prejudgment interest, and the same will be calculated from April 4, 2012 through the date of judgment.[15] Post-judgment interest will accrue under federal law, as provided in 28 U.S.C. § 1961.[16] Plaintiffs' proposed form of judgment should be prepared accordingly.

### 3. Attorneys fees

Plaintiffs also request allowance of their attorneys' fees. Generally, under the American Rule, the prevailing party in federal litigation does not recover attorneys' fees unless a contract or statute provides otherwise. The Bankruptcy Code does not include a general right to attorneys' fees. *Fry v. Dinan (In re Dinan)*, 448 B.R. 775, 784 (9th Cir. BAP 2011). However, this Court has held that attorneys' fees are available in a nondischargeability proceeding if the

---

[14] *See* Adv. Doc. No. 14-2 at 5 (deposition of DeVries at internal pages 9-11).

[15] As noted, *Niles* states that where a claim "arose under state law, the award of prejudgment interest . . . is also governed by state law." *Niles*, 106 F.3d at 1463 (citations omitted). *See also Roussos v. Michaelides (In re Roussos)*, 251 B.R. 86, 94 (9th Cir. BAP 2000) (same); *Fehrs*, 391 B.R. at 77. To the extent necessary, the Court finds that the circumstances of this case justify an award of prejudgment interest under Idaho law.

[16] *See Fehrs*, 391 B.R. at 84.

MEMORANDUM OF DECISION - 13

prevailing party "would be entitled to fees in state court for establishing those elements of the claim which the bankruptcy court finds support a conclusion of nondischargeability." *Kilborn v. Haun (In re Haun)*, 396 B.R. 522, 528 (Bankr. D. Idaho 2008); *see also Dinan*, 448 B.R. at 785; *Bertola v. N. Wisc. Produce Co. (In re Bertola)*, 317 B.R. 95, 99-100 (9th Cir. BAP 2004).

The Idaho Supreme Court has established that attorneys fees are awardable under Idaho Code § 12-120(3) on a claim alleging that fraud induced the prevailing party to enter into a commercial transaction. *Blimka v. My Web Wholesaler, LLC*, 152 P.3d 594, 599-600 (Idaho 2007). *See also Carillo v. Boise Tire Co.*, 274 P.3d 1256, 1271 (Idaho 2012) (concluding that "as long as a commercial transaction is at the center of the lawsuit, the prevailing party may be entitled to attorneys fees for claims that are fundamentally related to the commercial transaction yet sound in tort").

Plaintiffs' claim to attorneys fees will therefore be allowed. To establish the amount, Plaintiffs shall submit an appropriate affidavit of fees, and provide notice of hearing or LBR 2002.2(d) notice of the same to Defendant. Plaintiffs will also file an appropriate memorandum of costs under Fed. R. Bankr. P. 7054 and LBR 7054.1.

## IV. CONCLUSION

Plaintiffs are entitled on this record to judgment as a matter of law, and the

Motion will be granted. The Court will enter an order accordingly. Plaintiffs shall also file an affidavit of fees and a memorandum of costs, and provide notice regarding the same. Plaintiffs shall also provide an appropriate form of judgment consistent with this Decision.

DATED: January 10, 2014

TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE