# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | Case No. 12-00649-TLM |
| JAY P. CLARK, ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| _____ ) | |
| ) | |
| TOM DeVRIES and the DeVRIES ) | |
| FAMILY FARM, LLC, ) | |
| ) | |
| Plaintiffs/Counter- ) | |
| Defendants, ) | |
| ) | |
| v. ) | Adv. No. 13-06034-TLM |
| ) | |
| JAY P. CLARK, dba CRYSTAL ) | |
| SPRINGS RANCH, ) | |
| ) | |
| Defendant/ ) | |
| Counter-Claimant. ) | |
| _____ ) | |

## MEMORANDUM OF DECISION
_____

**INTRODUCTION**

On April 29, 2014, Tom DeVries and DeVries Family Farm, LLC ("Plaintiffs") filed a motion to amend their adversary complaint to include specific claims for attorneys' fees. *See* Doc. No. 57 ("Motion"); *see also* Doc. No. 58 ("Memorandum"). On June 9, Jay P. Clark ("Defendant") responded with an

MEMORANDUM OF DECISION - 1

objection to the Motion. *See* Doc. No. 60 ("Response").[1] Plaintiffs filed a reply brief. *See* Doc. No. 61. The Court, having reviewed the parties' submissions, concludes oral argument would not aid the decisional process. This Memorandum of Decision disposes of the Motion.

**BACKGROUND AND FACTS**

Plaintiffs filed this adversary proceeding on September 5, 2013. In their complaint, Plaintiffs pleaded a single cause of action under § 523(a)(2)(A), seeking a judgment holding nondischargeable an administrative claim that was awarded to them in Defendant's underlying bankruptcy case.[2] While Plaintiffs did not plead a separate cause of action for attorneys' fees, they did request attorneys' fees and costs in their prayer for relief.

Plaintiffs filed a summary judgment motion on November 13, 2013. The summary judgment motion presented only substantive arguments about the § 523(a)(2)(A) claim. Plaintiffs did not mention the attorneys' fees until summarily requesting them in their brief.

The Court granted summary judgment to Plaintiffs, *see* Doc. No. 32, and entered a judgment, Doc. No. 34 ("Judgment"), in their favor. The Judgment

---

[1] Defendant's Response was timely by virtue of the Court's Order setting a June 9 deadline for any such response. *See* Doc. No. 59.

[2] Unless otherwise indicated, all chapter, section and other statutory references are to the Bankruptcy Code, Title 11, U.S.C. §§ 101–1532, and all references to "Bankruptcy Rules" are to the Federal Rules of Bankruptcy Procedure, and all references to "Civil Rules" are to the Federal Rules of Civil Procedure.

MEMORANDUM OF DECISION - 2

stated "DeVries is entitled to recover his costs and attorneys' fees. DeVries shall submit a memorandum of costs and attorneys' fees and supporting affidavit within the time allowed under the applicable rules."

Plaintiffs timely filed their application for fees and costs, Doc. No. 36, requesting a total of $100,171.00 in attorneys' fees and $3,702.46 in costs. Defendant objected, arguing Plaintiffs had failed to properly plead their fees and costs under Bankruptcy Rule 7008(b), which requires the same to be "pleaded as a claim."

The Court sustained Defendant's objection to the application for fees and costs. *See* Doc. No. 52 (amended minute entry of March 27 oral ruling); Doc. No. 54 (the "Order"). The Court's oral ruling clarified that the Court was treating Defendant's objection as a motion to reconsider its earlier decision on attorneys' fees under Civil Rule 60, incorporated by Bankruptcy Rule 9024. The Court then disallowed the portion of Plaintiffs' requested attorneys' fees incurred in this adversary proceeding that would otherwise be available pursuant to *Kilborn v. Haun (In re Haun)*, 396 B.R. 522 (Bankr. D. Idaho 2008), because Plaintiffs failed to plead a claim for attorneys' fees pursuant to Bankruptcy Rule 7008(b). The Court further declined to award the remaining requested attorneys' fees (*i.e.*, those incurred in state court or earlier bankruptcy litigation) because even if considered as part of Plaintiffs' asserted damages, they had not been proven on summary judgment.

MEMORANDUM OF DECISION - 3

Because the Court determined it had erred in its award of attorneys' fees, summary judgment was appropriate on only a portion of Plaintiffs' requested relief. The Court therefore determined it would amend the summary judgment order to only include $135,000 in damages, as well as prejudgment interest. Because the new summary judgment ruling did not include all of the damages Plaintiffs sought, the Court noted its ruling fell under Civil Rule 56(g) and was not a final disposition of all the issues in the case. *See* Doc. No. 55. The Court also set aside the Judgment. *See* Order, Doc. No. 54 at 2, ¶ 3.[3]

Shortly after the Court entered the Order, Plaintiffs filed the pending Motion. The Motion seeks to amend Plaintiffs' adversary complaint to include newly-pleaded claims for attorneys' fees and costs. The fees Plaintiffs seek include not only the fees incurred in this adversary proceeding, but also fees and costs incurred in a previous state court proceeding, Defendant's underlying bankruptcy case, and a related appeal.

Defendant's response argues the Motion should be denied, in large part because such an amendment is improper due to Plaintiffs' failure to have the Judgment vacated or set aside before seeking leave to amend. *See* Doc. No. 60 at 2–3.[4]

---

[3] Consistent with the oral ruling, the cited provision of the Order clearly states that the Judgment, Doc. No. 34, is set aside under Civil Rule 60 and Bankruptcy Rule 9024.

[4] In making this specific objection, Defendant's speculations about the Court's rulings,
(continued...)

MEMORANDUM OF DECISION - 4

**DISCUSSION AND DISPOSITION**

Civil Rule 15, incorporated in this adversary proceeding by Bankruptcy Rule 7015, governs amendments to pleadings. It allows a party to amend its pleading once within a limited time "as a matter of course" but otherwise allows amendment "only with the opposing party's written consent or the court's leave." Civil Rule 15(a)(1)–(2). The rule also states that "The Court should freely give leave when justice so requires." Civil Rule 15(a)(2). The Ninth Circuit has emphasized that courts should apply the rule's policy favoring amendments "with extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).

Courts may only deny a motion to amend when there is "strong evidence" of undue delay, bad faith, dilatory motive on the part of the moving party, repeated failure to cure deficiencies through earlier allowed amendments, undue prejudice to the opposing party, or futility. *Sonoma Cnty. Ass'n of Retired Employees v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). In considering all these factors, the greatest weight is to be placed on whether the amendment would result in undue prejudice. *Id.* (citing

---

[4](...continued)
or its "intention" in entering the orders, are inconsistent with the record. (The Court notes, however, that Defendant failed to attend the hearing on March 27 when the oral ruling was entered. *See* Doc. No. 52.) At bottom, while Defendant is correct that a plaintiff may not amend its complaint until a judgment is set aside, *see Lindauer v. Rogers*, 91 F.3d 1355, 1357 (9th Cir. 1996), the Order's language was clear that the Judgment was set aside. *See* note 4. Because the Judgment was set aside, there is no procedural bar to the Motion.

MEMORANDUM OF DECISION - 5

*Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003)). "The party opposing amendment bears the burden of showing [such] prejudice." *DCD Programs*, 833 F.2d at 187. "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052. *See also Rosati v. Bekhor (In re Bekhor)*, 2007 WL 7532283 (9th Cir. BAP Mar. 19, 2007) (discussing standards).

Here, the various factors that could support denial of the requested amendment do not exist. The Court finds no undue delay, bad faith, dilatory motive, or like behavior. When Plaintiffs failed to plead their attorneys' fees as a "claim," they simply tripped over the requirements of Bankruptcy Rule 7008(b).[5] Nothing about that error indicates Plaintiffs engaged in game-playing or otherwise failed to properly plead their attorneys' fees claim in order to seek an unfair or improper advantage. Nor has Defendant met his burden of showing he would suffer "undue prejudice" by allowance of this amendment. He will have the opportunity to respond to the amended complaint, and to obtain a judicial

---

[5] The Court is aware that pending amendments to the Bankruptcy Rules, which will be effective December 1, 2014 absent contrary Congressional action, will eliminate Bankruptcy Rule 7008(b)'s requirement to plead attorneys' fees as a claim. The presently proposed Advisory Committee Notes characterize this amendment, which will conform the Bankruptcy Rules to the Civil Rules, as removing a potential trap.

MEMORANDUM OF DECISION - 6

resolution on the allowance and amount of any additional damages or fees.[6]

**CONCLUSION**

There is no procedural bar to the Motion, and no indication the Motion was filed in bad faith or would cause Defendant undue prejudice. The Court will grant the Motion, Doc. No. 57, and Plaintiffs may amend their complaint accordingly.

DATED: August 1, 2014

TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

---

[6] Simply having to defend on the merits, without more, does not amount to undue prejudice. *See Bekhor*, 2007 WL 7532283 at *6–9.

MEMORANDUM OF DECISION - 7